**7378**

SUCCESSION

of

No. 7378.

FRANK A. VON PHUL.

November 25th. 1918.

CHARLES F. CLAIBORNE, JUDGE.

Under the following advertisement of sale: "the right
of occupancy of the premises expiring September 30th. 1917
at Fifty Dollars per month", Mrs. C. E. Feldner became the
adjudicatee. The question presented is, what are her rights
and obligations? Has she acquired the right to occupy the
premises on payment of $750, or must she pay $750 and the
rent besides?

The facts are as follows: Frank A. Von Phul died
April 4th.; the administratrix of his succession caused
an inventory of the property left by the deceased to be made.
It consisted, in part, of the contents of a drug store, ex-
ploited by the deceased, which were appraised at $884.15.

The administratrix presented a petition in which
she alleged; "that among the effects left by the said Frank
A. Von Phul is a drug store located at Canal and Lopez Streets;
xxx that this drug store prior to the death of said Von Phul
was actively operated and that since his death the said drug
store has been closed, x x x that the rent on said premises
continues to run at the rate of $50 per month, and that
same is expensive to keep in its present condition and is
a loss to the estate; x x x that the late Frank A. Von Phul
occupied the said premises under an agreement with Mrs.
Feldner under which agreement the said Von Phul was to occu-
py the said premises from October 1st,1915 up to and includ-
ing September 30th.1917 at a rental of $50 per month; x x
that the contents of this drug store, as is shown by the
inventory, as well as the right of occupancy, should be sold.
as a going concern and in globo at one and the same time".

She also averred that there were a lot of furniture and other effects contained in said premises which should also be sold, and she prayed for an order for the sale of said property for cash.

An order was accordingly granted for the sale of "the movable effects set forth in the petition".

It is admitted that the auctioneer advertised the thing to be sold as "the entire contents of the drug store No. 3120 Canal Street occupied by the deceased F. A. Von Phul, and the right of occupancy of the premises expiring September 30th. 1917 at Fifty Dollars per month."

Mrs. Feldner became the adjudicatee on June 2nd. 1916 for $750 Cash.

A number of witnesses testified that the auctioneer, prior to the crying, announced orally that the purchaser buying the drug store should assume the rental at Fifty Dollars per month until the expiration of the lease. The proces-verbal of the auctioneer so states.

Mrs. Feldner states that she did not hear this announcement.

We do not consider it necessary to determine whether this announcement was made, or whether the fact that it was made was admissible in evidence. We have come to the conclusion that the sale "of the right of occupancy of the premises expiring September 30th. 1917 at Fifty Dollars per month" meant that the purchaser was to pay $50 a month for the privilege of occupying said premises until September 30th. 1917. It was the same as if the advertisement had said: "the right to occupy said premises for a period expiring September 30th. 1917 at the rate of $50 per month". The parties selling the right, and the purchaser of it, understood it that way. The succession had no title to the right of occupancy up to September 30th. 1917, a period of fifteen months from the day of sale and of eighteen months from the day of the death of Von Phul and therefore could not sell it. It had not paid the rent up to that time and could not pay it. No one knew this better than the purchaser, Mrs.

50

Feldner, who was the owner of the property. Under the law— Act 128 of 1894 p. 163 — the lessor's privilege could not extend to secure rent for a term of more than one year after the death of Von Phul, or after April 4th. 1917, and there- fore the succession could not acquire and could not trans- fer a longer right of occupancy, or a right of occupancy extending beyond April 4th. 1917 *or up to September 30 "1917*. There was no certainty that the assets of the succession would be sufficient to pay the rent even to that time, as the succession was admit- tedly insolvent. Von Phul had bound himself to pay Mrs. Feldner $750 for the right of occupancy from June 2nd. 1916 to September 30th. 1917, or for fifteen months at $50 per month. The contents of the Drug Store were appraised at $884.15. The two combined represented a value of $1634.15. A year and a half before, Mrs. Feldner herself had sold the drug store to Von Phul for $3250. It is not possible that the auctioneer and Mrs. Feldner understood that the one was selling, and the other was acquiring something of that value for the price of $750. The price shows conclusively that the bidders under- stood that they were acquiring the stock of goods and the good- will of the store for $750, and the right to occupy the store up to September 30th. 1917 upon the additional payment of $50 per month.

In the case of Walker vs Dohan 39 A 743 the thing sold was "the right of occupancy from the day of sale to the 30th. of September 1886". In the case of Villavaso vs Their Creditors 48 A 946 the court said, on p. 949: "The difference between buying a lease and purchasing the right of occupancy merely was drawn in Walker vs Dohan 39 A 743. We find no warrant to hold that the purchase of the privilege of occupancy offered, with no reference to liability under the lease, imports any ob- ligation on the part of the purchaser except to pay his bid". In the case of Marfese vs Nelson 10 Ct. Appeal 288 (291) - the plaintiff seized and sold the "right of occupancy", without ex- planation or qualification of any kind.

We have therefore come to the conclusion, that the sale *was a sufficient indication to* of the right of occupancy at $50 per month ~~coupled with it~~ the *of* obligation to pay the future rent over and above the price of adjudication and was tantamount to a sale of the lease.

The lessor Mrs. Feldner having purchased the lease, the qualities of the debtor and creditor were united in her person and put an end to the lease after June 2nd. 1916 - 7 A 610; 11 A 433; 48 A 946, 949, 950.

The Administratrix filed an account in which she charged Mrs. Feldner with the amount of her bid $750, crediting her with $103.33 being rent for the two months of April and May and two days in June 1916 -, leaving Mrs. Feldner liable to the Succession in the amount of $646.67.

Mrs. Feldner opposed said account, claiming rent from April 1st. 1916 to September 30th. 1917 or eighteen months or $900 - and $40.50 costs expended by her in prior proceedings herein.

Joseph S. Vinson also opposed the account claiming to be a privileged creditor for the sum of $613.32 for salary due him as clerk and general manager of the drug store of the deceased at a salary of $100 per month from October 1st. 1915 to April 4th. 1916.

The Meyers Printing Company claim $109.50 instead of $56 for which they are placed upon the account.

V. W. Klein claims $70.40 for money paid for account of deceased.

Fuerst & Kraemer claim $19.30 for goods sold and delivered.

There was judgment maintaining the opposition of Mrs. Feldner in so far as to place her on the account as a privileged creditor for $600 for rent due and to become due, *up to April 4" 1917* (for the period of one year from the death of Von Phul), and for $40.50 costs of court, and placing her on the account as a debtor for $750, the amount of her bid, leaving her indebted to the succession in the sum of $109.50.

The opposition of Joseph F. Vincent was dismissed.

As thus amended the account was homologated.

From this judgment the Administratrix and Joseph Vinson have appealed.

The claims of the other opponents who have not appealed cannot be considered.

In this court Mrs. Feldner has prayed that the judgment in her favor be increased to $750, *or up to September 30th 1917;*

We have already announced our conclusions as regards the claims of Mrs. Feldner, from which it results that she is a debtor to the succession in the sum of $750, subject to a first credit of $103.33 and to a second credit of $40.50 costs spent by her, or $606.17.

Mr. Vinson is the only witness in his own behalf. The truth is that he was a clerk in the employ of the deceased but at what salary and what amount is due to him is testified to by himself alone. He was twenty-three years old on the trial of the case; and he was not a pharmacist but only an apprentice; his knowledge was empirical, never having had any but practical experience; he was in the employ of Von Phul since the age of eleven; after Von Phul's death he worked at a confectionery at $13 a week and board; he was living on the place when Von Phul died; and was in possession of the store; he locked the door and notified his brother; and then delivered the keys to the Notary; his salary was paid up to September 1st, 1915; the expense account of Von Phul beginning November 1914 does not include the name of Vinson; it only shows one payment to him of $17. 25; opponent locked up the Von Phul's books at his death, and they were not unlocked until the inventory was taken; the book in which opponents account was kept has sixteen pages missing; opponent says they were torn out since he saw the book.

The attorney for the succession testifies that he received the book at the time of the making of the Inventory; that the sixteen pages were then missing and that he called

53

Mr. Vinson's attention to it.

We dismiss the opposition of Mr. Vinson with the statement that with the Judge-a quo we do not think that his claim was made out with sufficient certainty to justify a judgment in his favor.

It is therefore ordered that the judgment of the District Court maintaining the opposition of Mrs. Feldner to the account of the Administratrix herein filed on September 19th. 1917 and placing her on said account as a privileged creditor for six hundred dollars rent be reversed and avoided; and it is now ordered that the said Mrs. Charles E. Feldner be condemned to pay to the Succession of Frank A. Von Phul the sum of Seven hundred and fifty dollars subject to a first credit of One hundred and three 33-100 dollars and to a second credit of Forty 50-100 dollars; and as thus amended that the judgment of District Court be affirmed, Mrs. Feldner paying the costs of her opposition - and of her appeal.

November 25th. 1918.